[No. 18288. Department Two. February 15, 1924.]

MANLEY COONEY, *Respondent,* v. HENRY MOSSBACH *et al., Appellants.*[1]

SALES (52)—RESCISSION BY BUYER—FALSE REPRESENTATIONS. One induced to purchase an automobile by false representations as to year and model may rescind and recover the purchase price.

EVIDENCE (167)—TO VARY WRITTEN CONTRACT—FRAUD. False representations inducing the sale of an automobile are not inadmissible on the ground that they varied the written contract.

SALES (60)—RESCISSION BY BUYER—TIME FOR RESCISSION AND LACHES. A delay of thirty days after knowledge of false representations in the sale of an automobile is not unusual and does not preclude a rescission.

Appeal from a judgment of the superior court for King county, Smith, J., entered June 5, 1923, upon findings in favor of the plaintiff, in an action for rescission, tried to the court. Affirmed.

*Morris B. Sachs* and *W. U. Park,* for appellants.
*Foster & Dailey,* for respondent.

BRIDGES, J.—By this action the respondent sought to rescind a conditional sales contract whereby he agreed to purchase from the appellants an Overland automobile, and to recover the amount he had paid on the purchase price. The attempted rescission was because

[1]Reported in 222 Pac. 893.

of alleged misrepresentations made by the appellants to the respondent to the effect that the automobile was a 1919 model, whereas it was in fact a newly painted 1917 model. The trial court found that, before the purchase, the appellants represented to respondent that the automobile was a 1919 model, while, as a matter of fact, it was either a 1917 or 1918 model, probably the former year, that the respondent relied upon these misrepresentations and because thereof entered into the contract of purchase, and that, upon learning that the representation was false, he returned the car to the appellants and demanded the amount he had paid on the purchase price, to wit, $325. Based upon these findings, the court rescinded the contract and entered judgment for the respondent in the amount of the purchase price paid.

We cannot agree with appellants' contention that the complaint fails to state a cause of action, or, if it did, that it was for breach of warranty rather than for rescission. The complaint was one in the usual form of rescission and was not one seeking damages because of the breach of a warranty. It is too well settled to need citation of cases that one who has been induced to enter into a contract of purchase because of false representations of another may rescind and recover whatever amount he shall have paid.

What we have said also answers appellant's contention that the oral evidence tending to show the misrepresentation was inadmissible because it tended to vary or add to the terms of a written contract. This is not a suit on the contract but to set it aside, and the doctrine contended for is inapplicable.

The testimony as to whether the representations alleged to have been made were in fact made is contradictory. The respondent and his wife each testified

positively that they were made, while one of the appellants and one of their salesmen testified exactly to the contrary. The witnesses were before the court and he was in a better position than we to determine their credibility. At the close of the testimony, he explained in detail why he believed the testimony of the respondents rather than that of the appellants. A reading of the evidence fails to convince us that the findings are against the weight of the testimony.

There is some contention that the respondent did not act with diligence in seeking to rescind. The testimony shows that he had the car for some months before he learned that it was not a 1919 model, and that within thirty days after he obtained this information he returned it to the appellants and demanded his money. There was no unusual delay. The judgment is affirmed.

MAIN, C. J., FULLERTON, MITCHELL, and PEMBERTON, JJ., concur.